I hereby certify that this instrument is a true and correct copy of the original on file in my office.
Attest: Geri M. Smith, Clerk
U.S. District Court
Northern District of Ohio
By: s/Victoria Kirkpatrick
Deputy Clerk

**UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION**

IN RE: DePUY ORTHOPAEDICS, INC., ASR HIP IMPLANT
PRODUCTS LIABILITY LITIGATION  MDL No. 2197

### TRANSFER ORDER

**Before the Panel:**[*] Pursuant to Panel Rule 7.1, plaintiffs in 22 actions listed on Schedule A move to vacate our orders that conditionally transferred their respective actions to MDL No. 2197. Defendants DePuy Orthopaedics, Inc.; Johnson & Johnson; and other defendants appearing in fewer than all actions[1] oppose the motions.

After considering all argument of counsel, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2197, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for reasons set out in our order directing centralization. In that order, we held that the Northern District of Ohio was an appropriate Section 1407 forum for actions sharing factual questions arising from alleged injuries from DePuy's recalled ASR XL Acetabular Hip System. *See In re DePuy Orthopaedics, Inc., ASR Hip Implant Prods. Liab. Litig.*, 753 F.Supp.2d 1378 (J.P.M.L. 2010). These actions all involve injuries from implantation of DePuy ASR hip implants, and clearly fall with the MDL's ambit.

None of the plaintiffs dispute that their actions share questions of fact concerning ASR hip implants with actions pending in MDL No. 2197. Plaintiffs instead base their arguments against transfer primarily on the pendency of motions to remand their respective actions to state court. Plaintiffs in these actions can present their motions for remand to the transferee judge.[2] *See, e.g., In re Ivy*, 901 F.2d 7

---

[*] Judge Paul J. Barbadoro and Marjorie O. Rendell took no part in the decision of this matter.

[1] DePuy, Inc.; Johnson & Johnson International; Michael Chad Alberson; M. Chad Alberson, LLC; Commonwealth Surgical Solutions, Inc.; DC Medical, LLC; MJW Orthopedics, LLC; Michael J. Wright; Ted Fox; C.J. George; Michael T. Kimberl; and Jonathon McDaniel.

[2] Plaintiffs in the Northern District of Texas and Eastern District of Virginia actions argue that the defendants made improper arguments in support of their motions to stay district court proceedings in their respective transferor courts (and in other cases), which potentially delayed resolution of plaintiffs' motions to remand to state court. Plaintiffs' concerns about defendants' arguments are more appropriately presented to the transferor court before which the motion to stay is pending. Regardless, Panel Rule 2.1(d) expressly provides that the pendency of a conditional

-2-

(2nd Cir. 1990); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, these actions are transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable David A. Katz for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Frank C. Damrell, Jr. | Barbara S. Jones |

---

transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court wishing to rule upon the remand motion generally has adequate time in which to do so.

IN RE: DePUY ORTHOPAEDICS, INC., ASR HIP IMPLANT
PRODUCTS LIABILITY LITIGATION                                          MDL No. 2197

## SCHEDULE A

Eastern District of Arkansas

Penny Nichols v. DePuy Orthopaedics, Inc., et al., C.A. No. 3:11-00080

Northern District of Georgia

Linda McClure, et al. v. DC Medical, LLC, et al., C.A. No. 1:11-00877
A. Joann McDowell v. DC Medical, LLC, et al., C.A. No. 1:11-00939
Harold Williams v. DC Medical, LLC, et al., C.A. No. 1:11-00940
Matthew Bailey, et al. v. DC Medical, LLC, et al., C.A. No. 1:11-01169
Deborah Brannon v. DC Medical, LLC, et al., C.A. No. 1:11-01170
Zina Finley v. DC Medical, LLC, et al., C.A. No. 1:11-01171
James Lewis, et al. v. DC Medical, LLC, et al., C.A. No. 1:11-01172
Bobby Gallimore, et al. v. DC Medical, LLC, et al., C.A. No. 1:11-01173
Dennis Wilson v. DC Medical, LLC, et al., C.A. No. 1:11-01174
Nicole Askew v. DC Medical, LLC, et al., C.A. No. 1:11-01245

Western District of Kentucky

Larry G. Johnson, et al. v. DePuy Orthopaedics, Inc., et al., C.A. No. 5:11-00045
Terry Carnes v. DePuy Orthopaedics, Inc., et al., C.A. No. 5:11-00046
Gary Lee McElwayne, et al. v. DePuy Orthopaedics, Inc., et al., C.A. No. 5:11-00047
Linda Lacey v. DePuy Orthopaedics, Inc., et al., C.A. No. 5:11-00048
Lisa F. Humphrey v. DePuy Orthopaedics, Inc., et al., C.A. No. 5:11-00049
Derla Thomas v. DePuy Orthopaedics, Inc., et al., C.A. No. 5:11-00050
Steve Kimbro, et al. v. DePuy Orthopaedics, Inc., et al., C.A. No. 5:11-00051
Michael Bryson, et al. v. DePuy Orthopaedics, Inc., et al., C.A. No. 5:11-00052

District of Nevada

Jack Day, et al. v. DePuy Orthopaedics, Inc., et al., C.A. No. 2:11-00501

Northern District of Texas

Mary Banks, et al. v. DePuy Orthopaedics, Inc., et al., C.A. No. 3:11-00718

Eastern District of Virginia

Louis Michael Zaborsky, II v. DePuy Orthopaedics, Inc., et al., C.A. No. 3:11-00251